**07 CV 2734**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CAMILLE MIRKIN,

                        Plaintiff,

    -against-

WINSTON RESOURCES, LLC,

                        Defendant.
------------------------------------------------------------X

JUDGE KOELTL

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

APR 0 4 2007

      Plaintiff CAMILLE MIRKIN, complaining of the defendant herein, by her attorneys, LAW OFFICE OF TODD J. KROUNER, respectfully alleges:

    1.    Plaintiff, Mrs. Camille Mirkin, is a 42-year-old white female who worked as a recruiter between 1998 and 2006 with, defendant, Winston Resources, LLC ("Winston"), a New York corporation with its principal place of business in New York, New York. Prior to her unlawful termination, plaintiff was one of the top three producers at Winston. Plaintiff was unlawfully terminated by defendant on the basis of: (a) her having taken FMLA leave, (b) her gender, including pregnancy, and (c) her age. In so doing, defendant discriminated and retaliated against plaintiff in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. Section 2610, et seq. ("FMLA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), et seq. ("Title VII"), as amended, The Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621, et seq. ("ADEA"), New York Executive Law Section 290, et seq. ("NYSHRL"), and New York City Administrative Code Section 8-107 ("NYCHRL").

    2.    This action seeks compensatory damages, back-pay, front-pay, punitive damages, liquidated damages, reasonable costs, attorney's fees and experts' fees for the discrimination

suffered by plaintiff as a result of defendant's actions.

## THE PARTIES AND JURISDICTION

3. Camille Mirkin resides at 295 Spring Pond Road, Mt. Kisco, New York, 10549.

4. Winston has its principal place of business at 122 East 42nd Street, Suite 320, New York, New York, 10168.

5. At all times relevant to this action, Winston employed over 100 employees.

6. Pursuant to 42 U.S.C. Section 2000e-5, and prior to the commencement of this action, plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

7. On or about January 8, 2007, plaintiff received a Right to Sue letter from the EEOC.

8. Pursuant to the NYCHRL, within 10 days after commencement of this action, plaintiff will serve a copy of this complaint upon the New York City Commission on Human Rights and Corporation Counsel for New York City.

9. Jurisdiction over the federal claims is invoked pursuant to pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(a)(4), as this is a civil action arising under the law of the United states, namely the FMLA, Title VII and the ADEA. The Court has supplemental jurisdiction over the remaining causes of action pursuant to 28 U.S.C. Section 1367.

10. Defendant discriminated and retaliated against plaintiff for taking FMLA leave, and discriminated and retaliated against plaintiff because of her gender, and her age, in violation of federal, state, and New York City law, while plaintiff was employed by the defendant in its New York City office. Consequently, all of the discriminatory acts complained of herein

occurred in this judicial district.

## FACTS

11. Plaintiff was employed by Winston as a recruiter from October 26, 1998 until her unlawful termination on July 7, 2006.

12. At all times relevant to this action, plaintiff's job performance was always at least satisfactory. In fact, plaintiff was one of the top three producers at Winston during her tenure.

13. Winston engaged in a persistent and continuous pattern of discrimination against plaintiff from November 2004 through her termination in July 2006. During this time, in November 2004, plaintiff took FMLA leave. At the age of 40, plaintiff was undergoing fertility treatment and related counseling, for which she took FMLA leave. Leave for such treatment and counseling is permissible under the FMLA. Plaintiff returned to work on February 15, 2005.

14. During plaintiff's leave, defendant attempted to deprive her of compensation she had previously earned. After plaintiff's leave, defendant deprived her of a client account, and denied her access to promotional inducements for Winston clients, while providing the same to other employees. Plaintiff informed defendant that she was receiving disparate treatment due to her having taken FMLA leave that did not require hospitalization and was not based on physical ailments alone.

15. In April 2005, plaintiff became pregnant and subsequently announced her pregnancy to defendant. Prior to, and during, plaintiff's maternity leave, defendant changed its maternity leave policy to plaintiff's detriment. On or about April 25, 2006, plaintiff returned from maternity leave.

16. During this time period, and the preceding years at Winston, defendant never

complained about plaintiff's job performance or work schedule.

17. Defendant continued its pattern of discrimination against plaintiff when she returned from maternity leave, by <u>inter alia</u>, criticizing her work habits, the hours she worked, making it difficult for plaintiff to perform her job responsibilities, and by denying her access to promotional inducements for Winston clients, while providing the same to other employees.

18. On or about July 7, 2007, plaintiff was terminated. Defendant declined to provide plaintiff with any, let alone a non-discriminatory, reason for her termination.

19. In response to plaintiff's EEOC charge of discrimination, defendant provided pretextual reasons for her termination.

20. Defendant discriminated, and retaliated, against plaintiff for taking both FMLA leave and a subsequent maternity leave, in such a short period of time. Because plaintiff was on leave several months out of the calendar year, defendant's perception of the plaintiff's work habits and ability was skewed.

### FIRST CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FMLA

21. Plaintiff repeats and realleges paragraphs 1 through 20, above.

22. Plaintiff was an eligible employee, and defendant an employer, for purposes of the FMLA. Plaintiff was entitled to take leave, and notified defendant of her intent to do so.

23. It is unlawful for employers to "interfere with, restrain, or deny the exercise of or the attempt to exercise any right" under the FMLA. 29 U.S.C. Section 2615. An employer may not consider the taking of FMLA leave as a negative factor in employment actions. Protections under the FMLA are proscriptive in nature.

24. Defendant discriminated against plaintiff by altering how she would receive benefits she had previously earned during, and after, her FMLA leave.

25. Defendant continued its pattern of discrimination against plaintiff when she returned from FMLA leave by altering the terms and conditions of her employment, including, but not limited to, the following: criticizing her work habits, the hours she worked, making it difficult for plaintiff to perform her job responsibilities, depriving her of a client account, and by denying her access to promotional inducements for Winston clients, while providing the same to other employees. Plaintiff kept the same work habits and hours, over the course of her employment, without criticism from defendant. Other employees kept similar work hours and had similar work habits as the plaintiff, but did not receive criticism or hostility from defendant.

26. Defendant's discriminatory treatment of plaintiff stemmed from her participation in a protected activity, namely her taking FMLA leave, and was a negative factor leading to her termination.

## SECOND CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR RETALIATION IN VIOLATION OF THE FMLA

27. Plaintiff repeats and realleges paragraphs 1 through 26, above.

28. It is unlawful for an employer to take adverse action against an employee, motivated by plaintiff's participation in a lawful activity, namely FMLA leave.

29. Plaintiff complained to defendant that she was being treated differently after having returned from leave. Defendant intentionally discriminated against plaintiff in the form of

a retaliatory termination, which was motivated by her having participated in a protected activity, to wit, her having taken FMLA leave.

### THIRD CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR VIOLATION OF TITLE VII

30. Plaintiff repeats and realleges paragraphs 1 through 31, above.

31. Plaintiff received disparate treatment because of her gender, including her pregnancy, and was treated less favorably than male employees in the terms and conditions of employment, in violation of Title VII.

32. Under Title VII, it is a discriminatory practice to alter the terms and conditions of employment to affect only women taking maternity leave, but not employees who take other types of leave, such as sick or disability leave.

33. Defendant changed its maternity leave policy to prevent plaintiff from receiving commissions she had previously earned. The change in policy only affected female employees on maternity leave, and not employees who took other types of employment leave.

34. Defendant continued it pattern of discrimination against plaintiff when she returned from maternity leave by altering the terms and conditions of her employment, including, but not limited to, the following: criticizing her work habits, the hours she worked, making it difficult for plaintiff to perform her job responsibilities, and by denying her access to promotional inducements for Winston clients, while providing the same to male employees. Plaintiff kept the same work habits and hours, over the course of her employment,

without criticism from defendant. Other employees kept similar work hours and had similar work habits as the plaintiff, but did not receive criticism or hostility from defendant

35. Defendant unlawfully terminated plaintiff based upon her pregnancy and gender following a pattern of discriminatory treatment prior to, during, and after her maternity leave.

## FOURTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR RETALIATION IN VIOLATION OF TITLE VII

36. Plaintiff repeats and realleges paragraphs 1 through 35, above.

37. Title VII defines retaliation to include an adverse action, taken by an employer, against a covered employee, for engaging in a protected activity, including, but not limited to, opposing discriminatory treatment against oneself or others.

38. Defendant terminated plaintiff, a covered employee, for her engagement in a protected activity, namely her opposing, and complaining about, discriminatory treatment. Plaintiff's termination was retaliatory in nature as it followed plaintiff's repeated complaints to defendants that she was being treated in a discriminatory fashion.

## FIFTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON IN VIOLATION OF THE ADEA AGAINST DEFENDANT

39. Plaintiff repeats and realleges paragraphs 1 through 38, above.

40. Under the ADEA, it is unlawful for an employer to discriminate against an employee, by discharging or denying promotions based upon the employee's age (between 40 and 70), when the employee is otherwise qualified to perform his or her job.

41. Plaintiff is over the age of 40 and was at all times qualified to work as a recruiter.

7

Defendants discharged the plaintiff on the basis of her age, in violation of the ADEA.

### SIXTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON IN RETALIATION IN VIOLATION OF THE ADEA

42. Plaintiff repeats and realleges paragraphs 1 through 41, above.

43. The ADEA defines retaliation to include an adverse action, taken by an employer, against a covered employee, for engaging in a protected activity, including, but not limited to, opposing discriminatory treatment against oneself or others.

44. Defendant terminated plaintiff, a covered employee, for her engagement in a protected activity, namely her opposing, and complaining about, discriminatory treatment because of her age. Plaintiff's termination was retaliatory in nature as it followed plaintiff's repeated complaints to defendants that she was being treated in a discriminatory fashion.

### SEVENTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR DISCRIMINATION IN VIOLATION OF NYSHRL

45. Plaintiff repeats and realleges paragraphs 1 through 44, above.

46. Plaintiff received disparate treatment because of her gender, pregnancy, and age, and was treated less favorably than male employees in the terms and conditions of employment, in violation of New York Executive Law Sect`-o on 290, et seq.

47. NYSHRL states it is an unlawful discriminatory practice for an employer to discharge an individual from employment on the basis of, inter alia, age or gender, or to "discriminate against such individual in compensation or in terms, conditions or privileges of

8

employment." N.Y. Exec. Law Section 296(a).

48. The foregoing conduct of defendant Winston constituted the unlawful discriminatory practice of an employer to discriminate against plaintiff in compensation, or in terms, conditions, or privileges of employment.

### EIGHTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR RETALIATION IN VIOLATION OF NYSHRL

49. Plaintiff repeats and realleges paragraphs 1 through 48, above.

50. The NYSHRL states it is a discriminatory practice "for any employer . . . to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article." N.Y. Exec. Law Section 296(e).

51. The termination was retaliatory in nature as it followed plaintiff's repeated complaints to defendants that she was being treated in a discriminatory fashion. Defendant terminated plaintiff's employment as retaliation for her complaints.

52. Defendant unlawfully terminated plaintiff based upon her gender and pregnancy following a pattern of discriminatory treatment in the terms, conditions, and privileges of employment, prior to, during, and after her maternity leave.

### NINTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON IN VIOLATION OF THE NYCHRL

53. Plaintiff repeats and realleges paragraphs 1 through 52, above.

54. NYCHRL states it is an unlawful discriminatory practice for an employer, because of an employee's actual or perceived age or gender, "to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or

privileges of employment." Id. Section 8-107(1)(a).

55. Plaintiff received disparate treatment because of her gender, pregnancy and age, and was treated less favorably than other employees in the terms and conditions of employment, in violation of Section 8-107(1)(a). The foregoing conduct of defendant Winston constituted the unlawful discriminatory practice of an employer to discriminate against plaintiff in compensation, or in terms, conditions, or privileges of employment.

### TENTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR RETALIATION IN VIOLATION OF THE NYCHRL

56. Plaintiff repeats and realleges paragraphs 1 through 55, above.

57. The NYCHRL protects individuals from retaliation for, inter alia, opposing practices protected under the law. Plaintiff's discriminatory treatment, which lead to her eventual unlawful termination, was retaliatory in nature as it followed plaintiff's repeated complaints to defendant that she was being treated in a discriminatory fashion.

WHEREFORE, plaintiff prays that judgment be entered:

I. On the first cause of action, under the FMLA, awarding plaintiff Camille Mirkin damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, liquidated damages, reasonable costs, attorney's fees and experts' fees;

II. On the second cause of action, under the FMLA, awarding plaintiff Camille Mirkin damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, liquidated damages, reasonable costs, attorney's fees and experts' fees;

III. On the third cause of action, under Title VII, awarding plaintiff Camille Mirkin damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

IV. On the fourth cause of action, under Title VII, awarding plaintiff Camille Mirkin damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

V. On the fifth cause of action, under the ADEA, awarding plaintiff Camille Mirkin damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

VI. On the sixth cause of action, under the ADEA, awarding plaintiff Camille Mirkin damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

VII. On the seventh cause of action, under the NYSHRL, awarding Camille Mirkin, damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay;

VIII. On the eighth cause of action, under the NYSHRL, awarding Camille Mirkin, damages in an amount to be determined at trial, including without limitation, compensatory

damages, back-pay, front-pay;

IX. On the ninth cause of action, under the NYCHRL, awarding Camille Mirkin, damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

X. On the tenth cause of action, under the NYCHRL, awarding Camille Mirkin, damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

XIII. On the above stated causes of action, awarding the plaintiff prejudgment interest, costs and such other further relief as this Court deems appropriate.

Dated: Chappaqua, New York
April 3, 2007

LAW OFFICE OF TODD J. KROUNER

By: *[signature]*
Todd J. Krouner (TK0308)
Jacqueline M. James (JJ1845)
Attorneys for Plaintiffs
93 North Greeley Avenue, Suite 100
Chappaqua, New York, 10514
(914) 238-5800