UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAMILLE MIRKIN,                                       Docket No: 07 CV 2734
                           Plaintiff,

                                              **ANSWER WITH**
                                              **AFFIRMATIVE DEFENSES**
            -against-

WINSTON RESOURCES, LLC,

                           Defendant.
-------------------------------------------------------------X

       The Defendant, WINSTON RESOURCES, LLC, (the "Defendant," or "Winston"), by and through its attorneys, Winget, Spadafora & Schwartzberg, LLP, as and for an Answer to the Plaintiff's Complaint, alleges as follows:

**AS AND FOR AN ANSWER**

       1.    Defendant admits the allegations contained in Paragraph "1" of the Complaint insofar as the Defendant is a New York corporation with its principal place of business in New York, New York, and that the Plaintiff worked for the Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Plaintiff's age and race. Defendant denies all other allegations contained in Paragraph "1" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

       2.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "2" of the Plaintiff's Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO "THE PARTIES AND JURISDICTION"

3.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "3" of the Plaintiff's Complaint, and on that basis denies the same.

4.  Defendant admits the allegations contained in Paragraph "4" of the Complaint.

5.  Defendant admits the allegations contained in Paragraph "5" of the Complaint insofar as full-time and temporary employees are included.

6.  Defendant admits the allegations contained in Paragraph "6" of the Complaint.

7.  Defendant admits the allegations contained in Paragraph "7" of the Complaint.

8.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "8" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

9.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "9" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

10.  Defendant denies the allegations contained in Paragraph "10" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO "FACTS"

11.  Defendant denies the allegations contained in Paragraph "11" of the Plaintiff's Complaint insofar as they allege unlawful termination and a job description.

12.  Defendant denies the allegations contained in Paragraph "12" of the Plaintiff's Complaint.

13. Defendant admits the allegations contained in Paragraph "13" of the Plaintiff's Complaint insofar as they allege that the Plaintiff took FMLA leave and returned to work on February 15, 2005. Defendant denies the allegations contained in Paragraph "13" of the Plaintiff's Complaint insofar as they allege any discrimination. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of all the other allegations contained in Paragraph "13" of the Plaintiff's Complaint, and on that basis denies the same.

14. Defendant denies the allegations contained in Paragraph "14" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "15" of the Plaintiff's Complaint insofar as they allege when the Plaintiff became pregnant, announced said pregnancy, and any detriment to the Plaintiff. Defendant admits the allegations contained in Paragraph "15" of the Plaintiff's Complaint insofar as they allege that a change was made to the maternity leave policy.

16. Defendant denies the allegations contained in Paragraph "16" of the Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph "17" of the Plaintiff's Complaint.

18. Defendant admits that the Plaintiff was terminated on July 7, 2007. Defendant denies all other allegations contained in Paragraph "18" of the Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph "19" of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph "20" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "FIRST CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FMLA"

21. Defendant repeats and realleges the responses to Paragraphs "1" through "20" of the Plaintiff's Complaint as if fully set forth herein.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "22" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "23" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

24. Defendant denies the allegations contained in Paragraph "24" of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph "25" of the Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph "26" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "SECOND CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR RETALIATION IN VIOLATION OF THE FMLA

27. Defendant repeats and realleges the responses to Paragraphs "1" through "26" of the Plaintiff's Complaint as if fully set forth herein.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "28" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

29. Defendant denies the allegations contained in Paragraph "29" of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "THIRD CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR VIOLATION OF TITLE VII"

30. Defendant repeats and realleges the responses to Paragraphs "1" through "29" of the Plaintiff's Complaint as if fully set forth herein.

31. Defendant denies the allegations contained in Paragraph "31" of the Plaintiff's Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "32" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

33. Defendant denies the allegations contained in Paragraph "33" of the Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph "34" of the Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph "35" of the Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "FOURTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR RETALIATION IN VIOLATION OF TITLE VII"

36. Defendant repeats and realleges the responses to Paragraphs "1" through "35" of the Plaintiff's Complaint as if fully set forth herein.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "37" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

38. Defendant denies the allegations contained in Paragraph "38" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "FIFTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON IN VIOLATION OF THE ADEA AGAINST DEFENDANT"

39. Defendant repeats and realleges the responses to Paragraphs "1" through "38" of the Plaintiff's Complaint as if fully set forth herein.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "40" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

41. Defendant denies the allegations contained in Paragraph "41" of the Plaintiff's Complaint insofar as they allege that the Defendant discharged the Plaintiff on the basis of her age, and that she was at all times qualified to work as a recruiter. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of all the other allegations contained in Paragraph "41" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO "SIXTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON IN RETALIATION IN VIOLATION OF THE ADEA"

42. Defendant repeats and realleges the responses to Paragraphs "1" through "41" of the Plaintiff's Complaint as if fully set forth herein.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "43" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

44. Defendant denies the allegations contained in Paragraph "44" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "SEVENTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR DISCRIMINATION IN VIOLATION OF NYSHRL"

45. Defendant repeats and realleges the responses to Paragraphs "1" through "44" of the Plaintiff's Complaint as if fully set forth herein.

46. Defendant denies the allegations contained in Paragraph "46" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "47" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

48. Defendant denies the allegations contained in Paragraph "48" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO "EIGHTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR RETALIATION IN VIOLATION OF NYSHRL"

49. Defendant repeats and realleges the responses to Paragraphs "1" through "49" of the Plaintiff's Complaint as if fully set forth herein.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "50" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

51. Defendant denies the allegations contained in Paragraph "51" of the Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph "52" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "NINTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON IN VIOLATION OF THE NYCHRL"

53. Defendant repeats and realleges the responses to Paragraphs "1" through "52" of the Plaintiff's Complaint as if fully set forth herein.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "54" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

55. Defendant denies the allegations contained in Paragraph "55" of the Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "TENTH CAUSE OF ACTION: AGAINST DEFENDANT WINSTON FOR RETALIATION IN VIOLATION OF THE NYCHRL"

56. Defendant repeats and realleges the responses to Paragraphs "1" through "55" of the Plaintiff's Complaint as if fully set forth herein.

57. Defendant denies the allegations contained in Paragraph "57" of the Plaintiff's Complaint insofar as they allege discriminatory treatment leading to her unlawful termination, and retaliation. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of all the other allegations contained in Paragraph "57" of the Plaintiff's Complaint, and respectfully refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering by virtue of his failure to mitigate damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The amount of recovery to which the Plaintiff is entitled, if any, must be reduced by any amount recovered by the Plaintiff from collateral sources.

## AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver and estoppel.

**WHEREFORE,** WINSTON RESOURCES, LLC, demands judgment dismissing the Complaint, for costs and disbursements of this action, including attorneys' fees; and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 14, 2007

> Yours, etc.,
>
> WINGET, SPADAFORA &
> SCHWARTZBERG, LLP.
> *Attorneys for Defendant*
> Winston Resources, LLC
>
> _____
> By: Dianna D. McCarthy (DDM - 5999)
> Winget, Spadafora & Schwartzberg, LLP
> 45 Broadway, 19th Floor
> New York, New York 10016
> (212) 221-6900

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of Defendant's Answer was sent via first class mail on this date to the individuals below:

Todd J. Krouner
Jacqueline M. James
Law Office of Todd J. Krouner
Attorneys for Plaintiff
93 North Greeley Avenue – Suite 100
Chappaqua, New York  10514
Tel:   (914) 238-5800


Dated: May 14, 2007

_____
Dianna D. McCarthy (DDM -5999)