UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CAMILLE MIRKIN,

                        Plaintiff,                  07 Civ. 02734 (JGK) (DF)

          -against-                         **OPINION AND ORDER**

WINSTON RESOURCES, LLC

                        Defendant.
-----------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

In this employment discrimination action, plaintiff Camille Mirkin ("Plaintiff") claims that her former employer, defendant Winston Resources, LLC ("Defendant") unlawfully terminated her employment for reasons related to, *inter alia,* her gender, her pregnancy, and her age. Currently before this Court is a letter motion by Plaintiff to quash Defendant's deposition subpoena of Christopher Gamble, Plaintiff's supervisor at a subsequent employer, Response Companies, a company for which Plaintiff is also no longer working. (*See* Letter to the Court from Dominique N. Ferrera, Esq., dated Oct. 10, 2008.) Plaintiff argues that evidence regarding her job performance at Response Companies is irrelevant to the claims asserted in this action and that enforcement of the subpoena would negatively affect her current and future employment prospects and subject her to unnecessary annoyance and embarrassment. (*See id.*) Defendant, on the other hand, argues that Plaintiff lacks standing to challenge the subpoena and that, in any event, the discovery sought is relevant to its defenses in the action and should be allowed. (*See*

1

Letter to the Court from Melissa L. Morais, Esq., dated Oct. 24, 2008.) For the following reasons, Plaintiff's motion to quash is DENIED.

As a threshold matter, a plaintiff has standing to quash a subpoena of a non-party where the plaintiff asserts a legitimate privacy interest in the information sought. *See Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990). Here, Plaintiff has a legitimate privacy interest in information regarding her performance at a subsequent employer and, therefore, has standing to bring her motion. *See During v. City Univ. of N.Y.*, No. 05 Civ. 6992 (RCC) (RLE), 2006 U.S. Dist. LEXIS 10133, at *3-4 (S.D.N.Y. Mar. 9, 2006), *rev'd on other grounds*, 2006 U.S. Dist. LEXIS 53684 (S.D.N.Y. Aug. 1, 2006).

As for the merits of Plaintiff's motion, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "'Relevance' for purposes of discovery, moreover, is synonymous with 'germane' and . . . it should not be read as meaning 'competent' or 'admissible.'" *Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 556 (S.D.N.Y. 1996) (citation omitted). As Defendant argues, Mr. Gamble, Plaintiff's former supervisor at Response Companies, may be able to testify as to Plaintiff's lack of certain job skills, providing evidence that would be relevant to a defense that Plaintiff was terminated for legitimate, non-discriminatory reasons.

Even where the discovery sought is relevant, however, this Court must weigh a party's right to obtain that discovery against the burden imposed on the opposing party. *During*, 2006 U.S. Dist. LEXIS 53684, at *15 (citing Fed. R. Civ. P. 26(b)(2), 26(c)). Further, the Court may issue an order to protect a party from undue annoyance or embarrassment. Fed. R. Civ. P. 26(c). In the circumstances of this case, the Court finds that the burden imposed on Plaintiff by Defendant's subpoena is slight and does not outweigh Defendant's right to obtain the

information sought. First, Plaintiff could have reasonably expected that matters relating to her employment performance would be disclosed in this litigation. *During*, 2006 U.S. Dist. LEXIS 53684, at *16 ("A litigant himself must reasonably anticipate that his personal matters will be disclosed, while a non-party having no stake in the litigation retains a greater expectation of privacy.") (citation and internal quotations removed). Second, as Plaintiff is no longer employed by Response Companies, and, as Plaintiff does not claim that Mr. Gamble is currently engaged in a job search on her behalf, the cases on which she relies to demonstrate an undue burden are distinguishable. Third, although Plaintiff states that she continues to rely on Response Companies for job references, the Confidentiality Agreement already in place in this action could be extended to prevent Mr. Gamble and Response Companies from disclosing confidential information to others, thereby mitigating the burden on Plaintiff. Finally, as both parties have noted, this litigation and the underlying fact of Plaintiff's termination from Defendant's employ are already known to many in Plaintiff's industry. For this reason, the additional embarrassment caused by Mr. Gamble's deposition would be marginal, at most.

The Court notes that, by agreement of the parties, discovery in this case is currently being held in abeyance pending the outcome of a mediation between them. The Court, however, has recently received a letter from Plaintiff's counsel, expressing concern that the scheduling of the anticipated mediation has been delayed and suggesting that, to avoid further delay, discovery and the mediation should now proceed "along parallel paths." (Letter to the Court from Dominique N. Ferrera, Esq., dated Nov. 5, 2008.) Under the circumstances, counsel are directed to confer in good faith regarding a modified discovery schedule and to submit such a schedule to the Court

for its consideration. Although the motion to quash the deposition of Mr. Gamble is denied, that deposition should not go forward until the parties have reached agreement on its scheduling, or the Court has issued a revised scheduling order.

Dated: New York, New York
November 10, 2008

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Todd Jay Krouner, Esq.
Law Office of Todd J. Krouner
93 North Greeley Avenue, Suite 100
Chappaqua, NY 10514
Fax: (914)-238-8544

Dianna L. Daghir McCarthy, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006
Fax: (212)-221-6989